**Robert J. NEWMAN, Jr., Plaintiff-Appellee-Cross Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY and J. I. Brown, Jr., Defendants-Appellants-Cross Appellees.**

No. 75–1231.

United States Court of Appeals, Fifth Circuit.

Sept. 2, 1976.

Daniel J. O'Beirne, Jim C. Blough, Natchez, Miss., for defendants-appellants-cross appellees.

W. F. Riley, Claude Pintard, Jr., J. Walter Brown, Jr., Natchez, Miss., for plaintiff-appellee-cross appellant.

Before RIVES, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

To reach a correct decision of this appeal we must have as clear an understanding as possible of the present state of the law in Mississippi applicable to crossing accidents between railroad locomotives and automobiles, such as the one here involved, and more particularly as related to the following topics of law:

(1) What constitutes an unusual and dangerous crossing?

(2) By what standard should the court determine the issue of negligence vel non on the part of the railroad company (a) at an ordinary crossing, (b) at an unusual and dangerous crossing?

(3) What effect has Mississippi's adoption of comparative negligence had on the doctrines of subsequent negligence/last clear chance/"better chance" and proximate cause?

(4) In the event that the last clear chance doctrine (or a variant theory) is still viable in Mississippi, by what standard is it to be determined?

We need additional findings of fact and conclusions of law by the district court as to each of the above-mentioned topics. We leave optional with the district court whether any other topic should be considered, and whether or not additional evidence should be admitted or considered. The requested findings of fact and conclusions of law should be as comprehensive as possible to cover all contingencies and all arguably permissible determinations which might be made by an appellate court. Counsel for the respective parties should render diligent and skillful aid to the district court in the performance of its duty to reach and make such additional findings of fact and conclusions of law. Due notice and opportunity to be heard is, of course, required.

Accordingly, while jurisdiction of this appeal is retained by the present panel of this Court, the case is remanded to the district court for the making of the requested additional findings of fact and conclusions of law, and return of such findings and conclusions to this Court within a reasonable time and in any event within sixty days from the date of this order.

SO ORDERED.